UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MELVIN R. KING, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CV-95-JRG-JEM ) |
| TA'KISHA FITZGERALD, *et al.*, | ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 6]. The Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application [**Doc. 1**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must (a) tender the full filing fee or (b) file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990). The threshold requirement that must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E. I. DuPont de Nemours & Co.,*

*Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed *in forma pauperis* is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. But "[i]t is not unreasonable to require a prisoner to devote a small portion of his discretionary funds to defray a fraction of the costs of th[e] litigation." *Tucker v. Burgess*, No. 1:22-CV-642, 2022 WL 3219932, at *1 (W.D. Mich. Aug. 9, 2022) (citing *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 267 (7th Cir. 1987)).

The Court has reviewed Plaintiff's Application and finds that he has sufficient funds to pay the filing fee. Plaintiff's Application shows $825.75 in his account when he filed it and his average balance during the last six months was $1,579.11 [Doc. 6 p. 3]. Plaintiff is therefore able to pay the $402.00 filing fee. *See Deryke v. Carson City Corr. Health Care*, No. 1:22-cv-590 (W.D. Mich. Aug. 8, 2022) [Doc. 5] (denying pro se prisoner's motion to proceed *in forma pauperis* because the plaintiff's average monthly deposits were $53.53 and his spendable balance when he filed the motion was $974.15); *Bass v. Taskila*, No. 2:21-cv-235, 2022 WL 472958, at *12–13 (W.D. Mich. Feb. 16, 2022) (denying pro se prisoner's motion to proceed *in forma pauperis* because his average monthly deposits were $290.55 and his spendable balance was $767.92 when he filed the motion); *Williams v. Brown*, No. 2:21-cv-251 (W.D. Mich. Jan. 27, 2022) [Doc. 6] (denying the plaintiff's motion for leave to proceed *in forma pauperis* because his average monthly deposits were $550.35 and his spendable balance when he filed the motion was $1,030.36).

Given the amount of funds in his trust account, the Court **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application [**Doc. 1**].[1] The Court further **RECOMMENDS** that

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court

Plaintiff be afforded twenty-one (21) days to pay the filing fee and that the failure to do so will result in a dismissal of his case without prejudice. *See Young v. Cameron*, No. 3:20-CV-680-DJH, 2020 WL 13093863, at *2 (W.D. Ky. Oct. 13, 2020) (directing the plaintiff to pay the filing fee or file a fully completed *in forma pauperis* form and warning that failure to do so would result in dismissal of the action without prejudice); *Washington v. Berryhill*, No. 18-2385-SHM-TMP, 2018 WL 11260461, at *1 (W.D. Tenn. June 5, 2018) ("If the plaintiff fails to file a properly completed *in forma pauperis* application or pay the filing fee within thirty days, his complaint may be dismissed without prejudice.").

                                                 Respectfully submitted,

                                                 */s/ Jill E. McCook*
                                                 Jill E. McCook
                                                 United States Magistrate Judge

---

need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).